IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CLIFFORD ALLEN SMITH, #184026 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-179 |
| § | |
| GEAN LEONARD, ET AL. § | |

### REPORT AND RECOMMENDATION

Plaintiff Clifford Allen Smith, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  Having thoroughly reviewed Plaintiff's complaint and answers to the Court's interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2).  A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact.  *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989);  *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2).  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law.  *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).  In this case, Plaintiff alleges that Sheriff Gean Leonard

violated his civil rights when he failed to assure that "rubberized mats" were placed outside the shower. Because of Sheriff Leonard's alleged over-sight, Plaintiff slipped when exiting the shower, cut his lip and "aggravated a previous injury to my right knee, lower back and neck." Plaintiff states in his answers to interrogatories that he does not believe Leonard intended for Plaintiff's injury to occur, but was deliberately indifferent in failing to correct the safety hazard.

In the first instance, Plaintiff has failed to show that Defendant Leonard was even aware of an alleged water hazard around the shower area. Personal involvement is an essential element of a civil rights cause of action and requires that Plaintiff establish an affirmative link between his injuries and Defendant's personal conduct. *Rizzo v. Goode,* 423 U.S. 362, 371-2, 377 (1976). *See also Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 758 (5th Cir. 1986), *aff'd in part and remanded in part*, 491 U.S. 701 (1989), *rehr'g. denied*, 7 F.3d 1241 (5th Cir. 1993). As stated by the Fifth Circuit in *Lynch v. Cannatella*, 810 F.2d 1363 (1987), an individual Defendant is entitled to a specific recital of the wrongs he is alleged to have personally perpetrated on the Plaintiff. Failure to indicate an individual Defendant's personal involvement in the alleged unconstitutional action is grounds for dismissing the complaint as to that Defendant. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986).

Examined under the cruel and unusual punishment clause of the Eighth Amendment, prison officials cannot be held liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an <u>excessive</u> risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S.825, (1994).

Plaintiff has failed to show that he was exposed to any risk other than that which normally occurs in regular life and in which a reasonable person would be expected to exert normal cautionary behavior.  He has failed to show that Defendant Leonard had any knowledge of an excessive risk and intentionally disregarded it; and, in fact, asserts that Leonard's alleged disregard of the risk was not intentional.  Plaintiff has wholly failed to show that Leonard was, in any way, personally involved in his accident.  While someone at the jail may have been negligent in failing to provide a non-slip mat outside the shower are,  a negligent act of an official causing injury to life, liberty, or property is insufficient to support a cause of action under section 1983.  *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  This claim is without merit and is frivolous.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the above-styled case be **DISMISSED, with prejudice, as frivolous pursuant to 28 U.S.C. §1915(e)(2)**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same.  The Plaintiff shall have until **June 26, 2006,** in which to have written objections **physically on file** in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____6th____ day of June, 2006.

_____
John R. Froeschner
United States Magistrate Judge